1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  GARY BURKE,

11          Plaintiff,                    No. 2: 11-cv-2550 KJN P

12      vs.

13  MS. PREZLER-RILEY, et al.,

14          Defendants.              <u>ORDER</u>

15  _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17  pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18  28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19  and Local Rule 302.

20          Plaintiff has submitted a declaration that makes the showing required by

21  28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

"[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question, id., and construe the pleading in the light

most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that $1000 was deducted from his Trust Fund Account and sent to

Elizabeth Roberts.  Plaintiff alleges that he does not know Elizabeth Roberts and did not

authorize the Trust Withdrawal.  Plaintiff alleges that the prison official who allegedly signed the

form and approved the withdrawal has since informed plaintiff that he did not sign the form.

The United States Supreme Court has held that "an unauthorized intentional

deprivation of property by a state employee does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

deprivations constitute actionable violations of the Due Process Clause.  An authorized

deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts suggesting that the

deprivation was authorized.  For the deprivation to be authorized, the money would have to have

been withdrawn from plaintiff's account pursuant to an official policy, for example.  The

California Legislature has provided a remedy for tort claims against public officials in the

California Government Code, §§ 900, et seq.  Because plaintiff has not attempted to seek redress

in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  The court concludes that this claim must, therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2).  Although it does not appear that plaintiff can cure this pleading defect, the complaint is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On October 5, 2011, the undersigned issued an order construing the complaint to contain a request for injunctive relief based on plaintiff's request for a refund of the $1000 withdrawn from his account.  Defendants were granted twenty-one days to respond to this request.  In their October 17, 2011 response, defendants argue that plaintiff does not allege a

1  colorable claim for relief because the alleged deprivation was not authorized, as discussed above.

2       Plaintiff's allegations raise serious concerns regarding the management of his trust

3  fund account by prison officials.  Defendants' response to the October 5, 2011 order does not

4  address these concerns.  However, because plaintiff does not allege an authorized deprivation,

5  the motion for injunctive relief contained in the complaint is denied.

6       In accordance with the above, IT IS HEREBY ORDERED that:

7       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

9  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

10  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

11  Director of the California Department of Corrections and Rehabilitation filed concurrently

12  herewith.

13       3.  Plaintiff's complaint is dismissed.

14       4.  Within thirty days from the date of this order, plaintiff shall complete the

15  attached Notice of Amendment and submit the following documents to the court:

16       a.  The completed Notice of Amendment; and

17       b.  An original and one copy of the Amended Complaint.

18  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

19  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

20  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

21  Failure to file an amended complaint in accordance with this order may result in the dismissal of

22  this action.

23  DATED:  November 3, 2011

24

_Kendall J. Newman_

KENDALL J. NEWMAN

25  UNITED STATES MAGISTRATE JUDGE

bur2550.14

26

5

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GARY BURKE,

11               Plaintiff,                         No. 2: 11-cv-2550 KJN P

12         vs.

13    MS. PREZLER-RILEY, et al.,                    <u>NOTICE OF AMENDMENT</u>

14               Defendants.

15    _____/

16               Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18               _____        Amended Complaint

19    DATED:

20

21                                            _____

22                                            Plaintiff

23

24

25

26