IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY BURKE,

    Plaintiff,                    No. 2: 11-cv-2550 KJN P

    vs.

MS. PREZLER-RILEY, et al.,        ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint filed December 1, 2011.  For the following reasons, the undersigned recommends that this action be dismissed.

        Named as defendants are Ms. Prezler-Riley, Steve Pryor, J. Singh and M. Taylor. As in the original complaint, plaintiff alleges that on January 21, 2011, he received a notice from the prison trust office stating that $1000 had been approved by defendant Taylor to be withdrawn from plaintiff's trust account.[1]  However, plaintiff had not authorized $1000 to be withdrawn

---

[1] In the original complaint, plaintiff alleged that the withdrawal slip authorized $1000 to be sent from his trust account to Elizabeth Roberts. (Dkt. 1 at 4.)  Plaintiff alleged that he did not know Elizabeth Roberts. (Id.)

from his trust account.  Defendant Taylor later told plaintiff that he had never approved the withdrawal.  Plaintiff alleges that his own signature was forged on the withdrawal slip.

Plaintiff alleges that defendant Prezler-Riley approved of the withdrawal in violation of a California Department of Corrections and Rehabilitation ("CDCR") policy.  Pursuant to this policy, defendant Prezler-Riley was required to verify large withdrawals from inmate trust accounts before approving them.  Plaintiff claims that defendant Prezler-Riley failed to verify the withdrawal in violation of this policy.

Plaintiff alleges that defendants Pryor and Singh failed to investigate the withdrawal after plaintiff complained about it.  Plaintiff suggests that defendants were especially obligated to conduct an investigation after defendant Prezler-Riley admitted that she failed to follow CDCR policies.

In Parratt v. Taylor, 451 U.S. 527, 541 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, as long as the state makes available a meaningful post-deprivation remedy.  The rationale underlying Parratt is that pre-deprivation procedures are impractical when the deprivation of property occurs through negligent conduct of a state employee because a state cannot know when such deprivations will occur.  Hudson v. Palmer, 468 U.S. 517 (1984).  "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'"  Daniels v. Williams, 474 U.S. 327, 333 (1986) (emphasis added) (quoting Parratt, 451 U.S. at 548).

The logic of Parratt has been extended to intentional unauthorized deprivations of property by state actors because a state also cannot know when such deprivations will occur.  Hudson, 468 U.S. at 533 (1984).  As with negligent deprivations, where a state makes available a meaningful post-deprivation remedy, such as a common-law tort suit against a prison employee for intentional unauthorized deprivations, a federal due process claim is precluded.  Hudson, 468 U.S. at 534–35; King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).

1    In the instant case, plaintiff has plead no facts demonstrating that the deprivation
2 of his property was authorized, i.e., pursuant to an official policy.  Instead, plaintiff alleges facts
3 demonstrating that the deprivation was unauthorized in that it was caused by defendant Prezler-
4 Riley's failure to follow the CDCR policy requiring her to verify large withdrawals from inmate
5 trust accounts before approving them.  The California Legislature has provided a remedy for tort
6 claims against public officials in the California Government Code, §§ 900, et seq.  Because
7 plaintiff has failed to allege an authorized deprivation and because the state has provided
8 meaningful post-deprivation remedies, the undersigned finds that plaintiff has not stated a
9 colorable due process claim based on the withdrawal of $1000 from his trust account.

10    Plaintiff has already been given one opportunity to amend his complaint.  Because
11 it does not appear that plaintiff can cure the pleading defects, the undersigned recommends that
12 this action be dismissed.

13    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to
14 assign a district judge to this action; and

15    IT IS HEREBY RECOMMENDED that this action be dismissed.

16    These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
18 one days after being served with these findings and recommendations, plaintiff may file written
19 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
21 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
22 F.2d 1153 (9th Cir. 1991).

23 DATED: December 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26 bu2550.56